**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1296
_____

UNITED STATES OF AMERICA

v.

SHAWN BRYANT,

Appellant

_____

On Appeal from the United States District Court
for the District for New Jersey
(D.C. No. 1-10-cr-00233-001)
District Judge: Hon. Robert B. Kugler
_____

Submitted under Third Circuit LAR 34.1(a)
October 27, 2011

Before: SLOVITER, GREENAWAY, JR. and ALDISERT, Circuit Judges.

(Filed : October 28, 2011)
_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Shawn Bryant pleaded guilty to unlawful possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1), and was ultimately sentenced to 110 months'

imprisonment. In this appeal from Bryant's sentence, his counsel has filed a motion to

withdraw, accompanied by a brief under Anders v. California, 386 U.S. 738 (1967),

arguing that there are no meritorious issues for this Court to resolve. We have reviewed the possible contentions outlined by counsel and agree that the issues presented are frivolous. Accordingly, we will affirm Bryant's sentence and grant counsel's motion to withdraw.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in the United States District Court for the District of New Jersey, we will revisit them only briefly. On August 30, 2009, Shawn Bryant was arrested in connection with a shootout in Camden, New Jersey. Bryant initially bolted from the police, in the process jettisoning a handgun and 26 pouches of marijuana beneath automobiles that he fled past. After apprehending Bryant, the police discovered 47 small bags of crack cocaine on his person.

The government charged Bryant only with possession of a firearm by a convicted felon as part of a plea agreement. In exchange for Bryant's guilty plea, the government agreed not to charge him with additional drug crimes and the use of a firearm during those crimes. As part of the plea agreement, Bryant agreed to a base offense level of 24. The government reserved the right to contend that Bryant used or possessed the firearm in connection with his other felony offenses, and Bryant reserved the right to move for a downward departure based on overstatement of criminal history under U.S.S.G. § 4A1.3. The parties also agreed to a limited appellate waiver which does not bar this appeal.

At sentencing, Bryant withdrew prior objections to the Probation Department's enhancement recommendations and stipulated that the proposed enhancement applied. Bryant moved for a downward departure, which the District Court denied based on his extensive criminal history. Bryant highlighted mitigating sentencing factors, pursuant to

2

18 U.S.C. § 3553(a), and contended that he deserved a sentence of 96 months' imprisonment. The District Court concluded that no departure was appropriate and instead sentenced Bryant to the lowest possible Guidelines sentence: 110 months. On appeal, we have briefs from the government and from Bryant's counsel, who seeks withdrawal. Bryant has not filed a pro se brief.

II.

In Anders, the Supreme Court established a procedure for defense counsel to follow if she concludes that an appeal would be fruitless. See 386 U.S. at 744. Under Anders, counsel must submit a brief referring to anything in the record that might arguably support the appeal. See id. The brief must (1) "satisfy the [C]ourt that counsel has thoroughly examined the record in search of appealable issues," United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001); (2) identify any "issue[s] arguably supporting the appeal even though the appeal was wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) "explain . . . why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 780-781 (3d Cir. 2000); see also United States v. Coleman, 575 F.3d 316 (3d Cir. 2009).

After conducting a thorough review of the record, we are persuaded that counsel's brief correctly identifies and rejects the issues that might have been appealed. Counsel correctly concludes that, following an unconditional guilty plea, a defendant is limited to three appealable issues: (1) the District Court's jurisdiction, (2) the validity of his plea, and (3) the reasonableness and legality of his sentence. See Menna v. New York, 423 U.S. 61, 62 n.2, 63 (1975). Counsel's review of the record discloses no nonfrivolous issues for appeal on those bases, and accordingly, she requests permission to withdraw as counsel. She notes that the plea colloquy was comprehensive and thorough, that all the

constitutional requirements for a valid plea were established, and that there was no question about the defendant's competence or comprehension. Likewise, the requirements of Rule 11, Federal Rules of Criminal Procedure, were met and there is no basis to raise an issue as to the validity of the plea. We will therefore affirm the District Court.

## III.

## A.

In reviewing Bryant's guilty plea, we have uncovered no meritorious claims that Bryant might raise on appeal. On September 8, 2010, Bryant entered a plea of guilty to a single-count Indictment charging him with unlawful possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Our review of the transcript from the hearing reveals no nonfrivolous claims regarding the plea's validity. See Boykin v. Alabama, 395 U.S. 238 (1969). The defendant was sworn and advised of his constitutional rights. App'x 00030, 00037-00038. The Court confirmed that Bryant wished to waive those rights and plead guilty. Id. at 00037-00038. The Court established Bryant's mental competence and understanding of the proceedings, and Bryant acknowledged the consequences of a guilty plea. Id. at 00030-00031, 00034-00036, 00044. The Court also, importantly, established that Bryant's decision to plead guilty was knowing and voluntary and was not the product of any unlawful threat or coercion. The Court developed a full factual basis for the plea on the record, based on Bryant's under-oath statements. In sum, the plea colloquy was legally complete and thorough. All constitutional prerequisites were satisfied, and no questions arose regarding the defendant's competence or voluntariness. Similarly, all Rule 11 requirements were met. There is therefore no colorable claim to be made on appeal regarding Bryant's plea.

B.

We furthermore find no colorable arguments that might be made with regard to Bryant's sentencing. This Court reviews all sentences for procedural and substantive reasonableness. See United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007). Procedurally, the District Court must (1) correctly calculate the advisory Guidelines range, (2) rule on any departure motions, and (3) evaluate the § 3553(a) factors and explain the chosen sentence in a manner that allows for meaningful appellate review of the substantive reasonableness of the ultimate sentence. See Gall v. United States, 552 U.S. 38, 49-50 (2007). Bryant appeared for sentencing on January 28, 2011. A review of the transcript of the sentencing hearing discloses that there are no issues for appeal regarding the validity of the sentencing proceeding because the procedure complied, in every respect, with Rule 32. Furthermore, the District Court fully complied with the Supreme Court's three-step sentencing process by correctly calculating the advisory Guidelines range, ruling on the defendant's motion for downward departure pursuant to U.S.S.G. § 4A1.3, and examining the 18 U.S.C. § 3553(a) sentencing factors.

First, the District Court correctly determined the sentencing Guidelines range. As part of pleading guilty to a single count charging him with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), the government agreed not to initiate any further criminal charges against Bryant. That offense carries with it a statutory maximum of 120 months' imprisonment. See 18 U.S.C. § 922(g)(1). The parties stipulated that U.S.S.G. § 2K2.1 applied and that Bryant had a base offense level 24. Based on the Probation Department's calculations, Bryant's criminal history and offense level far exceeded the threshold for Criminal History Category VI, which carries with it

5

an advisory Guidelines range of 110-137 months' imprisonment. Bryant's sentencing range, therefore, became 110-120 months. This range was correct.

Second, in arriving at this sentence, the District Court denied defendant's request for a downward departure, under U.S.S.G. § 4A1.3, for overstatement of criminal history. The District Court specified its reason for rejecting that request. Although the ultimate 110-month sentence is not as low as Bryant had requested, it was 10 months below the permissible maximum for his crime of conviction, and far below the possible sentences Bryant avoided by pleading guilty. The Court noted that Bryant was not a "big time drug dealer," but that he had nevertheless accrued seven adult convictions for drugs, 14 juvenile arrests, and several parole violations. The Court's refusal to grant a downward departure was both fair and, more importantly, unreviewable on appeal. See United States v. Cooper, 437 F.3d 324, 332-333 (3d Cir. 2006).[1]

Finally, the record reveals that the District Court's sentence was procedurally and substantively reasonable. Bryant's ultimate sentence, 110 months, was the lowest sentence possible for someone with a Criminal History Category VI classification, for which his prior convictions more than qualified him. Notwithstanding these considerations, the Court still credited him with a 10-month reduction for pleading guilty. See App'x 00073. The record makes apparent that the Court weighed Bryant's arguments and the mitigating factors fairly, and the Court's rejection of Bryant's proposed weighing of the mitigating factors does not render a sentence unreasonable. See Lessner, 498 F.3d at 204.

---

[1] Bryant also sought a variance based on the § 3553(a) factors. Specifically, Bryant highlighted his lack of stability in his family life during his childhood, which resulted in his placement in foster care; the physical violence he suffered while in juvenile detention; his acceptance of responsibility; and his desire to make changes in his life. None of these factors presents a nonfrivolous issue for appeal.

In short, the sentencing hearing was comprehensive and thorough, and all the requirements of Rule 32 were met. The defendant has no remedy and no avenue of appeal that can be regarded as nonfrivolous under existing law.

IV.

Having examined the record and the <u>Anders</u> brief, we agree that Bryant was unable to present any nonfrivolous issues in this appeal, and there are no meretricious issues for purposes of filing a petition for writ of certiorari. We will AFFIRM the judgment of the District Court, and grant counsel leave to withdraw.